UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JESUS ARMANDO AMAYA,
On behalf of himself and others similarly
Situated,

              INDEX NO.: 08 CV 01522

    Plaintiff,

              **DEFENDANTS' ANSWER TO**
              **AMENDED COMPLAINT**

    v.

SOHO GRAND HOTEL, INC., TRIBECA
GRAND HOTEL, INC., and HARTZ
MOUNTIAN INDUSTRIES, INC.,

    Defendants.
----------------------------------------------------------x

        Defendants Soho Grand Hotel, Inc., Tribeca Grand Hotel, Inc., and Hartz Mountain Industries, Inc. (hereinafter "Defendants") by and through their attorneys for their Answer to Plaintiff's Amended Complaint state as follows:

        1.     Paragraph "1" of the Amended Complaint requires no response.

## AS TO "JURISDICTION AND VENUE"

        2.     Defendants deny each and every allegation set forth in Paragraph "2" of Plaintiff's Amended Complaint, except admit that Plaintiff alleges that this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§201, et seq. ("FLSA"), and that Plaintiff alleges this Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Defendants deny each and every allegation set forth in Paragraph "3" of Plaintiff's Amended Complaint, except admit that Plaintiff alleges that venue is proper in this District because all Defendants conduct business in this District, the Corporate Defendants are incorporated and have their principal executive offices in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## AS TO "PARTIES"

4. Defendants admit the allegations set forth in Paragraph "4" of Plaintiff's Amended Complaint.

5. Defendants admit the allegations set forth in Paragraph "5" of Plaintiff's Amended Complaint.

6. Defendants deny each and every allegation set forth in Paragraph "6" of Plaintiff's Amended Complaint, except aver that Defendant Hartz Mountain Industries, Inc. is a New York Corporation.

7. Defendants deny each and every allegation set forth in Paragraph "7" of Plaintiff's Amended Complaint, except aver that all Defendants operate under common ownership.

8. Paragraph "8" of the Amended Complaint requires no response.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "9" of Plaintiff's Amended Complaint, except admit that Plaintiff was employed by Defendant Tribeca Grand as a room service attendant at Defendant Tribeca Grand within the last three years.

## "AS TO FLSA COLLECTIVE ACTION ALLEGATIONS"

10. The allegations in Paragraph "10" of the Amended Complaint set forth legal conclusions which Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph "10" of the Amended Complaint.

11. Defendants deny each and every allegation set forth in Paragraph "11" of Plaintiff's Amended Complaint.

12. The allegations in Paragraph "12" of the Amended Complaint set forth legal conclusions which Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph "12" of the Amended Complaint.

## AS TO "RULE 23 CLASS ALLEGATIONS – NEW YORK"

13. The allegations in Paragraph "13" of the Amended Complaint set forth legal conclusions which Defendants are required neither to admit nor deny. To the extent a response is required, Defendants deny each and every allegation contained in Paragraph "13" of the Amended Complaint.

14. Defendants deny each and every allegation set forth in Paragraph "14" of Plaintiff's Amended Complaint.

15. Defendants deny each and every allegation set forth in Paragraph "15" of Plaintiff's Amended Complaint.

16. Defendants deny each and every allegation set forth in Paragraph "16" of Plaintiff's Amended Complaint.

17. Defendants deny each and every allegation set forth in Paragraph "17" of Plaintiff's Amended Complaint.

18. Defendants deny each and every allegation set forth in Paragraph "18" of Plaintiff's Amended Complaint.

19. Defendants deny each and every allegation set forth in Paragraph "19" of Plaintiff's Amended Complaint.

20. Defendants deny each and every allegation set forth in Paragraph "20" (a-k inclusive) of Plaintiff's Amended Complaint.

## AS TO "FACTS"

21. Paragraph "21" alleges facts to which no legal response is required.

22. Defendants deny each and every allegation set forth in Paragraph "22" of Plaintiff's Amended Complaint.

23. Defendants deny each and every allegation set forth in Paragraph "23" of Plaintiff's Amended Complaint.

24. Defendants deny each and every allegation set forth in Paragraph "24" of Plaintiff's Amended Complaint, except aver that Plaintiff worked as a room service attendant for Defendant Tribeca Grand.

25. Defendants deny each and every allegation set forth in Paragraph "25" of Plaintiff's Amended Complaint.

26. Defendants deny each and every allegation set forth in Paragraph "26" of Plaintiff's Amended Complaint.

27. Defendants deny each and every allegation set forth in Paragraph "27" of Plaintiff's Amended Complaint.

28. Defendants deny each and every allegation set forth in Paragraph "28" of Plaintiff's Amended Complaint.

29. Defendants deny each and every allegation set forth in Paragraph "29" of Plaintiff's Amended Complaint.

30. Defendants deny each and every allegation set forth in Paragraph "30" of Plaintiff's Amended Complaint.

31. Defendants deny each and every allegation set forth in Paragraph "31" of Plaintiff's Amended Complaint.

### AS TO "FIRST CLAIM FOR RELIEF"
### "(FLSA Minimum Wage and Record Keeping Violations, 29 U.S.C. §§201 et seq. Brought by Plaintiff on Behalf of Himself and The FLSA Collective Plaintiffs)."

32. Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs "1" through "31", inclusive, as though fully set forth herein.

33. The allegations in paragraph "33" of the Amended Complaint set forth legal conclusions which Defendants are required neither to admit or deny. To the extent a response is required Defendants' deny each and every allegation contained in paragraph "33" of Plaintiff's Amended Complaint.

34. Defendants deny each and every allegation set forth in Paragraph "34" of Plaintiff's Amended Complaint.

35. Defendants deny each and every allegation set forth in Paragraph "35" of Plaintiff's Amended Complaint.

36. Defendants deny each and every allegation set forth in Paragraph "36" of Plaintiff's Amended Complaint.

37. Defendants deny each and every allegation set forth in Paragraph "37" of Plaintiff's Amended Complaint.

### AS TO THE "SECOND CLAIM FOR RELIEF"
### "(FLSA Overtime Violations, 29 U.S.C. §§201 et seq. Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)."

38. Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs "1" through "37", inclusive, as though fully set forth herein.

39. Defendants deny each and every allegation set forth in Paragraph "39" of Plaintiff's Amended Complaint.

40. Defendants deny each and every allegation set forth in Paragraph "40" of Plaintiff's Amended Complaint.

41. Defendants deny each and every allegation set forth in Paragraph "41" of Plaintiff's Amended Complaint.

42. Defendants deny each and every allegation set forth in Paragraph "42" of Plaintiff's Amended Complaint.

### AS TO "THIRD CLAIM FOR RELIEF"
### "(New York State Minimum Wage Act, New York Labor Law §§650 et seq. Brought by Plaintiffs on Behalf of Themselves and the Class)."

43. Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs "1" through "42", inclusive, as though fully set forth herein.

44. Defendants deny each and every allegation set forth in Paragraph "44" of Plaintiff's Amended Complaint.

45. Defendants deny each and every allegation set forth in Paragraph "45" of Plaintiff's Amended Complaint.

46. Paragraph "46" states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to liquidated damages.

### AS TO "FOURTH CLAIM FOR RELIEF"
"(New York Minimum Wage Act, New York Statute §650 et seq. Brought by Plaintiff on Behalf of Himself and the Class)."

47. Defendants repeat and reallege their answers to each and every allegation set forth in Paragraphs "1" through "46", inclusive, as though fully set forth herein.

48. Paragraph "48" states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny each and every allegation in Paragraph "48" of the Complaint.

49. Defendants deny each and every allegation set forth in Paragraph "49" of Plaintiff's Amended Complaint.

50. Defendants deny each and every allegation set forth in Paragraph "50" of Plaintiff's Amended Complaint.

51. Paragraph "51" states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny Plaintiff is entitled to liquated damages.

### AS TO "FIFTH CLAIM FOR RELIEF"
"(New York Timely Payments of Wages Provisions, N.Y. Lab. L. § § 190 et seq. Brought by Plaintiff on Behalf of Himself and the Class)."

52. Defendants repeat and reallege their answers to each and every allegation set forth in paragraphs "1" through "51", inclusive as though fully set forth herein.

53. Defendants deny each and every allegation set forth in Paragraph "53" of Plaintiff's Amended Complaint.

54. Defendants deny each and every allegation set forth in Paragraph "54" of Plaintiff's Amended Complaint.

55. Paragraph "55" states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiff is entitled to liquidated damages.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

56. Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## AS AND FOR A FIRST DEFENSE

57. The Complaint fails to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## AS AND FOR A SECOND DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A THIRD DEFENSE

59. If Defendant is found to have failed to pay Plaintiff, and/or any putative member of the purported FLSA Collective Action defined in the Amended Complaint, any amount due, which allegations Defendants deny, Defendants acted at all times on the basis of a good faith and reasonable relief that it had complied with the FLSA wage and hour laws. Further, the actions taken or omitted by Defendants were in good faith in conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor pursuant to 29 U.S.C.§259.

Consequently, Defendants have not acted in reckless disregard of the FLSA and, accordingly, has not engaged in any willful violation of the FLSA. By reason of the foregoing, Plaintiffs and/or any putative member of the purported FLSA Collective Action are not entitled to liquidated damages. Moreover, only a two year statute of limitations should apply under the FLSA.

## AS AND FOR A FOURTH DEFENSE

60. Plaintiff's monetary claims, and the claims of the putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action defined in the Amended Complaint, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendants.

## AS AND FOR A FIFTH DEFENSE

61. Defendants deny that it acted unlawfully or improperly toward Plaintiff and the putative members of the purported FLSA Collective Action defined in the Amended Complaint. However, with regard to any potential award to Plaintiff and/or the putative members of the purported FLSA Collective Action and/or the New York Labor Law Class Action for alleged unpaid wages, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiff and/or putative members of the purported FLSA Collective Action, and/or all obligations of Plaintiff or putative members of the purported FLSA Collective Action owed to Defendants, against any judgment that may be entered against Defendants.

### AS AND FOR A SIXTH DEFENSE

62. The types of claims alleged by the named Plaintiff of the purported FLSA Collective Action defined in the Amended Complaint, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for a Collective Action pursuant to Section 216(b) of the FLSA and/or the New York Labor Law Class Action.

### AS AND FOR A SEVENTH DEFENSE

63. Plaintiff's characterization of the class of persons similarly situated to the Plaintiff with respect to the application of the FLSA is inappropriate and, therefore, this action may not be maintained as a collective action pursuant to Section 216(b) of the FLSA and/or as a class action under the New York Labor Law.

### AS AND FOR AN EIGHTH DEFENSE

64. The named Plaintiff fails to satisfy the prerequisites for class certification and, therefore, lack standing and cannot represent the interests of others as to each of the purported causes of action.

### AS AND FOR A NINTH DEFENSE

65. The Plaintiff is barred, in whole or in part, because Plaintiff has unclean hands.

### AS AND FOR A TENTH DEFENSE

66. Plaintiff's claims and those of the alleged class of person which Plaintiff purport to represent, the existence of which is expressly denied, are barred by the equitable doctrines of laches, waiver and estoppels.

### AS AND FOR AN ELEVENTH DEFENSE

67. Plaintiff is an inadequate representative of the alleged class of persons which Plaintiff purports to represent, the existence of which is expressly denied.

WHEREFORE, Defendants respectfully request that this Court:

a) Dismiss Plaintiff's Amended Complaint in its entirety, with prejudice;

b) Deny each and every request for relief contained in Plaintiff's Amended Complaint;

c) Award Defendants its reasonable attorneys' fees and legal expenses;

d) Award Defendants its costs and disbursements incurred in defense of this action; and

e) Award Defendants any other relief the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

Dated: June 25, 2008         By: _/s/ Lori Bauer_
New York, New York               Lori D. Bauer (8098)
                                 Richard I. Greenberg (4911)

ATTORNEYS FOR DEFENDANTS

11

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2008, I caused a true and correct copy of Defendants Soho Grand Hotel, Inc., Tribeca Grand Hotel, Inc., and Hartz Mountain Industries, Inc.'s Answer to Amended Complaint, to be served by Electronic Case Filing and regular mail on Plaintiff's counsel at the following address:

> D. Maimon Kirschenbaum
> Joseph & Herzfeld LLP
> 757 Third Avenue
> 25th Floor
> New York, NY 10017

_____
Lori D. Bauer, Esq.